STATE OF MINNESOTA

IN SUPREME COURT

A15-0820



December 8, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Reinstatement of
Bobby Gordon Onyemeh Sea, a Minnesota Attorney,
Registration No. 0282807.

ORDER

The court indefinitely suspended petitioner Bobby Gordon Onyemeh Sea from the practice of law for a minimum of 20 months, effective as of May 21, 2013, with no right to petition for reinstatement until November 2014. *In re Sea*, 832 N.W.2d 851, 852 (Minn. 2013) (order). Petitioner applied for reinstatement in May 2015, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is morally fit to resume the practice of law. *See In re Mose*, 843 N.W.2d 570, 574-75 (Minn. 2014) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of 2 years. The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED that petitioner Bobby Gordon Onyemeh Sea is reinstated to the practice of law and placed on probation for a period of 2 years, subject to the following terms and conditions:

(a)     Petitioner shall cooperate fully with the efforts of the Director's Office to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b)     Petitioner shall abide by the Minnesota Rules of Professional Conduct;

(c)     Petitioner shall timely file all required state and federal tax returns, including individual and employer withholding returns, and timely pay the taxes due thereon. Petitioner shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such report shall include copies of the required returns as well as proof of payment.

(d)     Within 30 days of the date of this order, petitioner shall employ a certified public accountant (CPA), who shall be approved by the Director, to prepare and file petitioner's quarterly and annual tax returns. Within 7 days of hiring this CPA, petitioner shall sign an authorization for release of information and documents giving the Director full access to any documents submitted to or prepared by the CPA. Petitioner shall authorize this CPA to provide all of the documents and information required herein directly to the Director without specific reminder or request.

(e)     Petitioner shall make all quarterly estimated payments to the state and federal tax authorities on or before the due date. On or before the due date, petitioner shall provide proof of such filing and payment to the Director.

(f)     Any financial accounts wherein petitioner or petitioner's business has an interest, including but not limited to any business accounts, personal accounts, and trust accounts, shall be audited on an annual basis by the CPA hired by petitioner. No notice shall be given to petitioner as to the

2

timing of said audit. Petitioner shall fully comply with the audit and provide full access to the CPA to all of his financial accounts when and where told.

(g)     Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor petitioner's business and trust accounts books and records and immediately report any discrepancies to the Director. This supervisor shall not have a financial stake in petitioner's law practice. Within 2 weeks of the date of the filing of this order, petitioner shall provide the Director with the names of three attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to nominate a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall provide the Director with access to his business and trust account books and records upon the Director's request;

(h)     Petitioner shall cooperate fully with his supervisor's efforts to monitor his business and trust account books and records. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. The supervisor may request additional meetings with petitioner. Petitioner's business and trust account books and records shall be made available to his supervisor at such intervals the supervisor deems necessary to determine compliance. In addition to immediately reporting any discrepancies to the Director, petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

Dated: December 8, 2015          BY THE COURT:


David R. Stras
Associate Justice

3